571 F.2d 1273
 MAYOR AND CITY COUNCIL OF BALTIMORE, a Municipal Corporation
and Board of School Commissioners of Baltimore
City, Appellees,
v.
F. David MATHEWS, Individually and as Secretary of the
United States Department of Health, Education, and Welfare,
Martin H. Gerry, Individually and as Acting Director, Office
for Civil Rights, United States Department of Health,
Education, and Welfare, United States Department of Health,
Education, and Welfare, an agency of the United States of
America, and Irvin N. Hackerman, Individually and as
Administrative Law Judge, United States Department of
Health, Education, and Welfare, Appellants,
NAACP Legal Defense And Education Fund, Inc., Amicus Curiae.
Marvin MANDEL, Governor of the State of Maryland, State of
Maryland, Maryland State Board for Community Colleges, an
agency of the State of Maryland, Maryland Council for Higher
Education, an agency of the State of Maryland, Board of
Trustees of Morgan State University, an agency of the State
of Maryland, Board of Trustees of St. Mary's College of
Maryland, an agency of the State of Maryland, Board of
Trustees of the State Colleges of Maryland, an agency of the
State of Maryland, the University of Maryland, an agency of
the State of Maryland, Board of Trustees of the Community
College of Baltimore, an agency of the Mayor and City
Council of Baltimore, on behalf of itself and all other
Public Junior and Community Colleges of the various
political subdivisions lying within the State of Maryland, Appellees,
v.
UNITED STATES DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE,
an agency of the United States of America, F. David Mathews,
Individually and in his official capacity as Secretary of
the United States Department of Health, Education, and
Welfare, Martin H. Gerry, Individually and in his official
capacity as Acting Director of the Office for Civil Rights
of the United States Department of Health, Education, and
Welfare, Dewey E. Dodds, Individually and in his official
capacity as Acting Deputy Director of the Office for Civil
Rights of the United States Department of Health, Education,
and Welfare, Roy McKinney, Individually and in his official
capacity as Acting Director of the Higher Education Division
of the Office for Civil Rights of the United States
Department of Health, Education, and Welfare, Burton Taylor,
Individually, and in his official capacity as Chief of the
Program and Policy Branch of the Higher Education Division
of the Office for Civil Rights of the United States
Department of Health, Education, and Welfare, St. John
Barrett, Individually and in his official capacity as Acting
General Counsel of the United States Department of Health,
Education, and Welfare, and Ronald Gilliam, Individually and
in his official capacity as Acting Regional Civil Rights
Director for Region III of the Office for Civil Rights of
the United States Department of Health, Education, and
Welfare, Appellants,
NAACP Legal Defense and Educational Fund, Inc., Amicus Curiae,
The American Council on Education, the Association of
American Universities, the National Association of State
Univ. Land Grant Colleges, the American Association of State
Colleges and Universities and the American Association of
Community and Junior Colleges, the National Association of
Attorneys Generals, and the States of Alaska, Arizona,
Connecticut, Delaware, Florida, Idaho, Illinois, Iowa,
Kansas, Louisiana, Michigan, Mississippi, Missouri, Montana,
Nebraska, Nevada, New Hampshire, New Mexico, New York, North
Carolina, Ohio, Oregon, South Dakota, Tennessee,Texas, Utah,
Washington, West Virginia, Wisconsin, and Wyoming, and
theCommonwealths of Kentucky and Virginia, Amici Curiae,
The Commonwealth of Pennsylvania, Amicus Curiae,
Trustees of the California State University and Colleges and
Regents of the University of California, Amici Curiae.
 Nos. 76-1493 and 76-1494.
 United States Court of Appeals,
Fourth Circuit.
 Decided Feb. 16, 1978.
 
 Cynthia L. Attwood and Brian K. Landsberg, Attys., App. Section, Dept. of Justice, Washington, D. C. (J. Stanley Pottinger, Asst. Atty. Gen., Civ. Rights Div., and Marie E. Klimesz, Atty., Dept. of Justice, Frank K. Krueger, Jr., Atty., Office of General Counsel, Dept. of Health, Education, and Welfare, Washington, D. C., on brief), for appellants in 76-1493 and 76-1494.
 E. Stephen Derby, Baltimore, Md. (David F. Tufaro, Elise Jude Mason, Asst. City Sol., and William L. Marbury, Baltimore, Md., of counsel, on brief), for appellees in 76-1493.
 Francis B. Burch, Atty. Gen. of Maryland, and Walter G. Lohr, Jr., Asst. Atty. Gen., Baltimore, Md. (Henry R. Lord, Deputy Atty. Gen., and David H. Feldman, Asst. Atty. Gen., Ambrose T. Hartman, Deputy City Sol., and Blanche G. Wahl, Sp. Asst. City Sol., Baltimore, Md., on brief), for appellees in 76-1494.
 Jack Greenberg, James M. Nabrit, III, and Drew S. Days, III, Attys., New York City, for the NAACP Legal Defense and Educational Fund, Inc., filed a brief urging reversal in 76-1493 and 76-1494.
 Benjamin L. Brown, City Sol., and William Hughes, Chief Sol., Baltimore, Md., in 76-1493 and 76-1494.
 Sheldon Elliot Steinbach, Washington, D. C., for The American Council on Education and The American Association of Community and Junior Colleges; George W. Liebmann and Frank, Bernstein, Conaway & Goldman, Baltimore, Md., of counsel.
 John Holt Myers and Williams, Myers & Quiggle, Washington, D. C., for The Association of American Universities and The American Association of State Colleges and Universities.
 Gerald Roschwalb, Washington, D. C., for the National Association of State Universities and Land Grant Colleges.
 Avrum Gross, Atty. Gen. of Alaska, and Richard M. Burnham, Asst. Atty. Gen., Juneau, Alaska, Bruce E. Babbitt, Atty. Gen. of Arizona, Phoenix, Ariz., Carl R. Ajello, Atty. Gen. of Connecticut, New Haven, Conn., and Bernard McGovern, Asst. Atty. Gen., Hartford, Conn., Richard R. Wier, Jr., Atty. Gen. of Delaware, Wilmington, Del., Robert L. Shevin, Atty. Gen. of Florida, Tallahassee, Fla., Wayne L. Kidwell, Atty. Gen. of Idaho, Boise, Idaho, William J. Scott, Atty. Gen. of Illinois, Springfield, Ill., Richard C. Turner, Atty. Gen. of Iowa, Des Moines, Iowa, Curt T. Schneider, Atty. Gen. of Kansas, and Donald R. Hoffman, Asst. Atty. Gen., Topeka, Kan., William J. Guste, Jr., Atty. Gen. of Louisiana, and Vanue B. Lacour, Sp. Asst. Atty. Gen., Baton Rouge, La., Frank J. Kelley, Atty. Gen. of Michigan, Lansing, Mich., A. F. Summer, Atty. Gen. of Mississippi, Jackson, Miss., John C. Danforth, Atty. Gen. of Missouri, Jefferson City, Mo., Robert L. Woodahl, Atty. Gen. of Montana, and Charles E. Erdmann, Asst. Atty. Gen., Helena, Mont., Paul L. Douglas, Atty. Gen. of Nebraska, and Harold Mosher, Asst. Atty. Gen., Lincoln, Neb., Robert List, Atty. Gen. of Nevada, and James H. Thompson, Chief Deputy Atty. Gen., Carson City, Nev., David H. Souter, Atty. Gen. of New Hampshire, Concord, N. H., Toney Anaya, Atty. Gen. of New Mexico, Santa Fe, N. M., Louis J. Lefkowitz, Atty. Gen. of New York, New York City, Rufus L. Edmisten, Atty. Gen. of North Carolina, Raleigh, N. C., William J. Brown, Atty. Gen. of Ohio, and Richard J. Dickinson, Sp. Asst. Atty. Gen., Columbus, Ohio, R. Lee Johnson, Atty. Gen. of Oregon, James W. Durham, Deputy Atty. Gen., and W. Michael Gillette, Sol. Gen., Salem, Or., William Janklow, Atty. Gen. of South Dakota, Pierre, S. D., R. A. Ashley, Jr., Atty. Gen. of Tennessee, and Richard Lodge, Asst. Atty. Gen., Nashville, Tenn., John L. Hill, Atty. Gen. of Texas, David M. Kendall, Jr., First Asst. Atty. Gen., Elizabeth Levatino, and M. Lynn Taylor, Asst. Attys. Gen., Austin, Tex., Vernon B. Romney, Atty. Gen. of Utah, Salt Lake City, Utah, Slade Gorton, Atty. Gen. of Washington, Olympia, Wash., and James B. Wilson, Senior Asst. Atty. Gen. for the University of Washington, Seattle, Wash., Chauncey H. Browning, Jr., Atty. Gen. of West Virginia, Charleston, W. V., Bronson C. La Follette, Atty. Gen. of Wisconsin, and David J. Hanson, Deputy Atty. Gen., Madison, Wis., and V. Frank Mendicino, Atty. Gen. of Wyoming, Cheyenne, Wyo., on behalf of their respective States.
 Robert F. Stephens, Atty. Gen. of Kentucky, and Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, Ky., and Andrew P. Miller, Atty. Gen. of Virginia, and Walter H. Ryland, Asst. Atty. Gen., Richmond, Va., on behalf of their respective Commonwealths in 76-1494.
 Robert P. Kane, Atty. Gen. of Pennsylvania, J. Justin Blewitt, Jr., Deputy Atty. Gen., Chief, Civ. Litigation, and Allen C. Warshaw, Deputy Atty. Gen., Harrisburg, Pa., on behalf of the Commonwealth of Pennsylvania, in 76-1494.
 Evelle J. Younger, Atty. Gen. of California, N. Eugene Hill, Asst. Atty. Gen., and James D. Claytor, Deputy Atty. Gen., Sacramento, Cal., for Trustees of the California State University and Colleges and Regents of the University of California.
 Donald L. Reidhaar, Gen. Counsel, Berkeley, Cal., for the Regents of the University of California.
 James H. Holst, Asst. Gen. Counsel, Berkeley, Cal., for amicus curiae in 76-1494.
 Before HAYNSWORTH, Chief Judge, and WINTER, CRAVEN,* BUTZNER, RUSSELL, WIDENER, and HALL, Circuit Judges, sitting en banc.
 PER CURIAM:
 
 
 1
 Upon consideration of the appellees' petitions for rehearing and the response filed by the appellants, we conclude that Judge Craven's vote cannot be counted in the disposition of these appeals. Judge Craven died after approving Parts I and II of the opinion that Judge Winter wrote expressing the views of a majority of the court. His death occurred, however, before the dissenting and concurring opinions were written and before the court's decision was announced. Therefore, Judge Craven's approval of Judge Winter's draft cannot be tallied for the purpose of deciding the appeals. Cf. United States v. American-Foreign Steamship Corp., 363 U.S. 685, 80 S.Ct. 1336, 4 L.Ed.2d 1491 (1960).
 
 
 2
 Accordingly, we withdraw the opinions that were previously filed, affirm by an equally divided court the district court's orders granting preliminary injunctions, and remand the case to the district court for trial.
 
 
 3
 Regrettably, these cases have been delayed by our initial misapprehension of the effect of Judge Craven's death on their outcome. Consequently, we request the district court to try them and enter a final order as expeditiously as possible.
 
 
 4
 WINTER, Circuit Judge, concurring and dissenting:
 
 
 5
 Because there is not unanimity within the court as to whether Judge Craven, before concurring in the opinion which I prepared, was fully cognizant of, considered and rejected all the views of the dissenting judges, I agree that we should not allow our previous divided decision to stand. I disagree, however, that we should decide the case now by an equally divided court.
 
 
 6
 The case is an important one with national implications, and it reaches us at a stage in which there will inevitably be further proceedings, judicial and administrative. Even if affirmed, the cases must be returned to the district court for consideration of the prayer for a permanent injunction, unless, of course, the Secretary concludes to confess error and submit to the preliminary injunction.
 
 
 7
 The district court granted preliminary injunctions against administrative enforcement of Title VI which, although negative in character, provided that the Secretary might reinstitute administrative enforcement proceedings if (in the case of Baltimore), (a) Baltimore was informed in detail and in writing of all areas in which its present desegregation plan was deficient, (b) the Secretary recommended in writing specific steps which Baltimore might take to achieve compliance, (c) the Secretary specified each program or part of a program under which he claimed that Baltimore failed to comply with Title VI and schools at which noncompliance was believed to exist, (d) the Secretary specified in writing the particular noncompliance in each particular program at each particular school where noncompliance was thought to exist, (e) the Secretary made a good-faith effort to obtain voluntary compliance, and (f) Baltimore was given a reasonable opportunity to achieve voluntary compliance through adoption and implementation of a voluntary remedial plan with an opportunity for community participation in the development of a remedial plan. With respect to Maryland, the comparable conditions were that (a) the Secretary promulgate and adopt specific standards for compliance with Title VI by institutions of higher education, said regulations to be of general applicability and to apply uniformly throughout the United States; (b) the Secretary made a separate and specific analysis of each and every program to determine the existence of noncompliance in the administration of the program; (c) the Secretary made a good-faith effort to achieve compliance by voluntary means in each separate program in which noncompliance is alleged to have been found; and (d) the Secretary specified, wherever noncompliance in a particular program was believed to exist, the actions necessary to remedy the alleged noncompliance and the standards by which the existence of noncompliance would be determined. Since the district court did not enjoin the Secretary from carrying out his duties under Title VI, and since Title VI requires him to take steps to achieve compliance, the preliminary injunction may be fairly construed as a mandatory injunction requiring the Secretary to take the various actions set forth in each of the two injunctions.
 
 
 8
 Although the cases were decided in the district court by the granting of a preliminary injunction, an analysis of the record and the evidence before the district court makes it clear that on remand the entry of a permanent injunction will be a pro forma action. From the very full record before us, it is inconceivable to me that there is additional evidence to be considered by the district court. From the opinion of the district court, I would doubt also that its views would be dislodged on consideration of the entry of a permanent injunction.
 
 
 9
 From these considerations, I am led to the conclusion that we ought not to proceed to decide the cases on their merits by an equally divided court. Rather, a fairer and more equitable approach would be to grant rehearing and restore the cases to the hearing calendar, deferring hearing until Judge Craven's successor has been selected and qualified. I do not doubt the appropriateness of our granting rehearing in banc, but I question the wisdom of affirming by an equally divided court. Although other courts of appeals have done just that in cases of lesser importance, I would stress that here further proceedings are inevitable.
 
 
 10
 If the district court makes permanent its preliminary injunctions a result that I fully expect there will be an opportunity for a further appeal. Presumably that appeal will not be heard and decided by less than a full court, but in the interim the Secretary will be required to expend time and money to effect compliance with the injunction when it may well be that a majority of the full court in a second appeal will decide that such expenditures are unnecessary. Of course the effect of a permanent injunction may be stayed by the district court, or it may be stayed by us pending appeal. But even if a stay is granted, I think that we quite unnecessarily subject the parties to the formality of the entry of a permanent injunction and the expense and inconvenience of a second appeal when it is perfectly obvious that we can give no definitive answer to the basic questions presented by these consolidated appeals until there is a full court.
 
 
 
 *
 Judge Craven died May 3, 1977